IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No. 15-10152-02-JWB

HIPOLITO MERAZ-LEYVA,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant Hipolito Meraz-Leyva's motion for release from custody and appointment of counsel. (Doc. 289.) Defendant seeks early release due to his underlying health conditions and the current COVID-19 pandemic. The motion has been fully briefed and the court is prepared to rule. (Docs. 290, 294.) For the reasons stated herein, Defendant's motion is DENIED.

**I.**     **Facts and Procedural History**

On September 26, 2016, Defendant pled guilty to one count of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841. (Doc. 164.) On December 21, 2016, Defendant was sentenced to 120 months in prison. (Doc. 229.) Defendant was remanded to the custody of the United States Marshal where he has been in custody since his arrest in October 2015. (Doc. 23.) Defendant is currently incarcerated at North Lake Correctional Facility in Baldwin, Michigan. With good time credits, Defendant's current projected release date is April 6, 2024. (Docs. 289-1 at 5; 290 at 2.)

On March 18, 2021, Defendant filed a motion seeking early release due to his health conditions that make him more susceptible to serious health complications should he contract

1

COVID-19. (Doc. 289.) Those health conditions include diabetes, high blood pressure, and high cholesterol. (Doc. 289 at 1.) The government opposes Defendant's motion for release on the basis that the sentencing factors do not weigh in favor of a sentence reduction to a time served sentence. (Doc. 290.)

Defendant submits that upon release he would return to Mexico as there is a pending immigration detainer against Defendant and he has been ordered by the court to surrender to an immigration official for deportation upon his release. (Doc. 294 at 6.) Defendant sought the appointment of counsel to assist him with his compassionate release motion. (Doc. 289.) Although there is no right to counsel in the filing of these motions, District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act. Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic. Here, the FPD entered an appearance to represent Defendant and filed a reply brief in support of Defendant's motion. (Docs. 291, 294.)

**II.    Legal Standard**

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), was amended by The First Step Act. Now, a defendant may file his own motion if certain conditions have been met. The Tenth Circuit has recently endorsed a three-step test for district courts to utilize in deciding motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim[1] and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is

---

[1] The government concedes that Defendant has exhausted his administrative remedies. (Docs. 290 at 4, n. 3; 290-1.)

consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.* A court may deny the motion when any requirement is lacking, and the court need not address the other requirements. *Id.* at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id.* Here, the government concedes the first two requirements and only addressed the sentencing factors in its response. (Doc. 290 at 13.) Therefore, the court will proceed directly to determining whether a sentence reduction to time served is consistent with the factors in § 3553(a).

**III.     Analysis**

Prior to granting a motion for compassionate release, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and also find that Defendant is not a danger to the safety of any other person or the community. *United States v. Reece*, No. 16-20088-JAR, 2020 WL 3960436, at *2, 7 (D. Kan. July 13, 2020). Some of the sentencing factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

In this case, Defendant pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine as charged in count 10 of the superseding indictment. (Doc. 164.) According to the plea agreement and the presentence report, Defendant and several co-defendants were engaged in trafficking methamphetamine during several months in 2015. With respect to the investigation, Drug Enforcement Administration agents intercepted telephone conversations and text messages between co-defendant Felizardo Urias-Avilez and Defendant, along with other co-defendants.   Based on these calls, it was determined that Urias-Avilez arranged for

methamphetamine to be delivered to customers in Wichita, Kansas, and the drugs were stored at Defendant's home. (Doc. 164 at 2.) Defendant is referred to as Urias-Avilez's "right hand man." (*Id.*) Defendant pleaded guilty to a drug transaction that occurred on September 30, 2015 involving two pounds of methamphetamine (651.3 grams). The plea agreement stated that the parties had agreed that only two pounds of methamphetamine should be considered as relevant conduct. The presentence report, however, documents that Defendant was engaged in a significant quantity of drug trafficking. According to the presentence report, Defendant's home was searched on September 30, 2015, which resulted in the seizure of a container with more than 1,793 grams of pure methamphetamine that was buried in the backyard. (Doc. 200 at 10.) The total calculation for offense conduct was determined to be 4,022.8 grams of actual methamphetamine and 2,041.2 grams of methamphetamine mixture. (*Id.* at 30.) Defendant objected to the presentence report on the basis that the relevant conduct was to be limited in accordance with the plea agreement. (*Id.*) Judge Marten agreed, which resulted in a reduced Sentencing Guidelines range of 120 to 135 months. (Doc. 230 at 1.) Defendant was sentenced to 120 months.

Defendant has served approximately sixty-eight months of his sentence, which is more than half of his original sentence. Due to good time credits, Defendant has approximately 34 months remaining. Defendant argues that the sentencing factors support a reduction to time served because he has no significant criminal history, the circumstances of today have shifted during the pandemic which favors release, and he does not pose a threat to the community.

While the court is sympathetic to individuals with health conditions during this pandemic, the court must consider the statutory factors when determining whether Defendant's sentence should be reduced. Defendant's minimal criminal history was already taken into consideration during his initial sentencing. Defendant makes no argument regarding the nature and

circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities.  Defendant pleaded guilty to possession with an intent to distribute a significant quantity of methamphetamine.  Defendant, along with others, were involved in trafficking of methamphetamine, which is a danger to the community.  When Defendant was sentenced, he received a sentence that was on the low end of the Guidelines.  While the record supports a finding that Defendant has serious medical conditions, Defendant has not shown that those conditions are not being managed by the medical staff at his facility.  Rather, the medical records show that they are under control.  (Docs. 289-1 at 35-42; 290 at 13.)

Reducing Defendant's sentence to time served would not reflect the seriousness of his criminal conduct, nor would it furnish adequate deterrence to criminal conduct or provide just punishment.  The court finds that the imposed 120-month sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense.

After considering the factors enumerated in § 3553(a), Defendant's motion to reduce his sentence to time served is denied.

IV.     **Conclusion**

Defendant's motion for sentence reduction under § 3582 is DENIED.  (Doc. 289.) Defendant's motion for appointment of counsel is DENIED AS MOOT.

IT IS SO ORDERED.  Dated this 3rd day of June 2021.

                                                    s/ John W. Broomes
                                                   JOHN W. BROOMES
                                                   UNITED STATES DISTRICT JUDGE